**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL C. BURNS, RASHON HIGH, and JASON KINDLE, Plaintiffs, v. STATE OF NEW JERSEY, et al., Defendants. | Civil No. 09-5646 (NLH) **O P I N I O N** |

**APPEARANCES:**

Michael C. Burns, Pro Se
425 East Elm Ave.
Lindenwold, NJ 08021

Rashon High, #225092, Pro Se
Jason Kindle, #223402, Pro Se
Camden County Correctional Facility
P.O. Box 90431
Camden, NJ 08103

**HILLMAN, District Judge**

Plaintiffs, Michael C. Burns, Rashon High, and Jason Kindle, confined at the Camden County Correctional Facility, Camden, New Jersey, at the time they filed this complaint, seek to bring this action asserting violations of their constitutional rights. All three plaintiffs have provided in forma pauperis applications, along with certified six-month prison account statements, and all qualify for in forma pauperis status.[1]

[1] The Court of Appeals for the Third Circuit recently offered guidance with regard to multiple plaintiff prisoner

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

---

litigation and the filing fee provisions, codified under 28 U.S.C. § 1915, of the Prison Litigation Reform Act of 1995, ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996). See Hagan v. Rogers, et al., 570 F.3d 146 (3d Cir. 2009). In Hagan, the Court of Appeals held that the "the plain language of § 1915(b)(1) can be read in complete harmony with Rule 20 [concerning joinder] by requiring each joined prisoner to pay the full individual [filing] fee." Id. at 155. The Court then went on to note: ". . . taking '§ 1915(b)(1) at face value,' the requirement for each prisoner to pay a full fee is simply one price that a prisoner must pay for IFP status under the PLRA." Id. (quoting Boriboune v. Berge, 391 F.3d 852, 856 (7th Cir. 2004)).

However, this Court notes that since the filing of this action, Plaintiff Burns has been released from confinement. Even though Plaintiff Burns recently was released from prison, "this action nonetheless is subject to the PLRA because it was filed prior to his release." Kasher v. Wesner, 2008 WL 3889587 at *3 (E.D. Pa. Aug. 18, 2008)(citing Drayer v. Attorney Gen. of Delaware, 81 F. App'x 429, 431 (3d Cir. 2003) (non- precedential) (holding that "if a litigant is a prisoner on the day he files a civil action, the PLRA applies") and In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (same))(footnote omitted). Therefore, the Court reviews his allegations in accordance with the directives provided in 28 U.S.C. § 1915(e).

Nevertheless, since Plaintiff Burns is not now incarcerated, the provisions for prisoner payments of the filing fee cannot apply to him. See 28 U.S.C. § 1915(b); Boston v. New Brunswick Police, 2005 WL 1661582 at *1 n.1 (D.N.J. July 15, 2005)(unpublished)(citing In re Smith, 114 F.3d 1247, 1252 (D.C. Cir. 1997) (prisoner who is released during pendency of action covered by Prison Litigation Reform Act is responsible for those partial payments of filing fees that accrued prior to release, but may rely on in forma pauperis status for the balance of the fee)).

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiffs' complaint must be dismissed.

## BACKGROUND

Plaintiffs argue that the defendants, the State of New Jersey, and former Attorney General Anne Milgram, have violated their constitutional rights because they charge, but do not indict, pre-trial detainees 'by refusing to allow pre-trial detainees the ability to challenge the probable cause of their arrest through a preliminary hearing, prior to the return of an indictment." (Complaint, ¶ 14).  Plaintiffs, at the time the complaint was filed, were all incarcerated and not yet indicted.  Plaintiff Burns had been held for four months prior to this action being filed and had "no ability to attack the probable cause of his arrest or any other adversarial proceedings with the exception of a bail hearing."  (Complt., ¶ 17).  Plaintiff Kindle had been held for five months, again with no opportunity to attack the probable cause of his arrest besides a bail hearing. (Complt., ¶ 18). Plaintiff High pled guilty prior to an indictment, however he has requested his attorney to withdraw his plea, but like the others, has not been able to attack the probable cause of his arrest.  (Complt., ¶¶ 16, 19).

Plaintiffs ask for monetary relief, as well as declaratory judgments and injunctions ordering the county to perform probable cause hearings prior to the return of indictments. (Complt., "Prayer for Relief"). The named defendants are the State of New Jersey, and Anne Milgram, former Attorney General of New Jersey.

## DISCUSSION

### A.  Standard of Review

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiffs are, or were, prisoners and are proceeding as indigents.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines

4

v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

Recently, the Supreme Court refined this standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).[2]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

Case 1:09-cv-05646-NLH-JS   Document 3   Filed 07/01/10   Page 6 of 11 PageID: 37

plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

**B.     42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, plaintiffs must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v.

6

S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.    The Complaint Must Be Dismissed.**

First, Plaintiffs cannot sue the State of New Jersey in this § 1983 suit.  The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Section 1983 does not override

a state's Eleventh Amendment immunity.  See Quern v. Jordan, 440 U.S. 332 (1979).  Thus, Plaintiffs' claims against the State of New Jersey must be dismissed.

Second, Plaintiffs' claims that they were denied probable cause hearings in the course of their state criminal proceedings are essentially a matter of state law procedure.  Liberally construing the complaint, Plaintiffs assert a due process claim due to the absence of a probable cause hearing.  However, it is not generally the role of the federal courts to interfere in pending state judicial proceedings.  A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings.  See Younger v. Harris, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings).  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

In the instant case, it is clear that state proceedings implicating important state interests are ongoing, and that Plaintiffs have the opportunity to raise their instant claims in that proceeding.  Plaintiffs have failed to plead any special circumstances that would take this case out of the Younger abstention doctrine.  Thus, Plaintiffs must present their complaints about the criminal proceedings to the court in which their actions are pending.  See Roberts v. Childs, 956 F. Supp. 923, 925 (D. Kan.), aff'd, 125 F.3d 862 (10th Cir. 1997).

Third, although this Court has mandamus jurisdiction under 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."), section 1361 does not confer on this Court jurisdiction to issue a writ of mandamus to compel a state judicial officer to act in matters pending in that officer's court.  See Urich v. Diefenderfer, 1991 WL 17820 (E.D. Pa. Feb. 11, 1991).  Thus, this Court does not have jurisdiction to order the state court to conduct probable cause hearings in Plaintiffs' criminal cases.

Finally, Plaintiffs' request for relief is against Anne Milgram, the former Attorney General of New Jersey, based upon her "supervisory role over the conduct of NJ," and because "she refuses to challenge the abolishment of probable cause hearings, while still afforded as a right under New Jersey Court Rules." (Complt., ¶¶ 35-38).

Plaintiffs' § 1983 claims against the Attorney General of New Jersey must be dismissed because supervisor liability is not cognizable in § 1983 actions.  Local government units and supervisors typically are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Here, it would appear that Ann Milgram is liable only under a theory of respondeat superior.  Plaintiffs make no factual allegations attesting to the actual involvement, knowledge, or active participation by defendant Milgram in their arrest or

10

criminal proceedings.  Therefore, the complaint should be dismissed against this defendant in its entirety for failure to state a claim upon which relief may be granted.

## CONCLUSION

Based upon the foregoing, Plaintiffs' complaint will be dismissed, without prejudice.  The Court will file an appropriate order.

/s/ NOEL L. HILLMAN
NOEL L. HILLMAN
United States District Judge

At Camden, New Jersey
Dated: JULY 1, 2010